Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5327 | **DATE** | October 21, 2011 |
| **CASE TITLE** | Jesse Anderson (N-63545) vs. Cook County of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has paid the required filing fee. Plaintiff's complaint [9] is accepted. The Clerk shall: (1) dismiss Defendants Cook County of Illinois, Thomas Dart (misspelled Darts), Salvador Godinez, and A.J. Martinez; (2) issue summonses for Defendants Lieutenant Galn and Correctional Officer Coldquitt; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for service of process [11] is granted. Plaintiff's motion for appointment of counsel [12] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Jesse Anderson, an inmate at Graham Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the required filing fee.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on June 29, 2010, he arrived at Cook County Jail and informed medical staff that he needed a low bunk permit due to a fused hip. Plaintiff did not receive a low bunk permit. On July 8, 2010, Plaintiff told Lieutenant Johnson that he needed a low bunk permit. Lieutenant Johnson refused to give Plaintiff a low bunk permit and ordered Plaintiff to get on the top bunk. On July 15, 2010, Plaintiff fell while trying to get down from his top bunk. Plaintiff hit his head and injured his eye in the fall. Plaintiff was taken for medical care at which time he received a permit for a low bunk and a walker. However, Plaintiff was informed that there were no walkers available at that time and Correctional Officer Coldquitt and Lieutenant Galn ordered Plaintiff to sleep on the top bunk. Later, Plaintiff again fell off the top bunk. Coldquitt opened Plaintiff's cell door and saw Plaintiff on the ground. However, Coldquitt just closed the door and refused to let Plaintiff receive any medical care. Coldquitt also told the next shift that Plaintiff did not need any medical care because he was "faking." Plaintiff continues to have medical issues related to his falls.

Plaintiff names Cook County of Illinois, Sheriff Dart, Director Godinez, Superintendent Martinez, Lieutenant Galn, and Officer Coldquitt as Defendants in both their individual and official capacities.

As to Plaintiff's official capacity claims, claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not make any allegations that he was denied a low bunk permit and proper medical treatment based on an official policy, custom, or practice. Accordingly, Plaintiff's official capacity claims are dismissed.

## STATEMENT

As to individual capacity claims, liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Furthermore, a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff does not make any allegations that Sheriff Dart, Director Godinez, or Superintendent Martinez were personally involved in the alleged constitutional violations. Nor do the allegations rise to an inference that they were aware of Plaintiff's situation. Accordingly, Plaintiff has not stated a claim against these Defendants..

Based on the above, Plaintiff may proceed with his claims against Lieutenant Galn and Correctional Officer Coldquitt; the remaining Defendants are dismissed.

The United States Marshals Service is appointed to serve Defendants Lieutenant Galn and Correctional Officer Coldquitt. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the County of Cook and/or Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff has demonstrated that he has made an attempt to retain private counsel, he does not allege a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.